**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br>*Plaintiffs*,<br>v.<br>DONALD J. TRUMP, et al.,<br>*Defendants*. | Civil Action No. 1:26-cv-03401 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE REGARDING NOVEMBER 24, 2026 HEARING**

Plaintiffs submit this response to Defendants' "Notice Regarding November 24, 2026 Hearing." ECF No. 23. Defendants' "Notice" is not a notice of anything; instead it appears to reflect new arguments about how the passage of time should or should not affect the Court's resolution of Plaintiffs' motion for a preliminary injunction.

Defendants note that, by the November 24 hearing, more than 45 legislative days will have passed since Defendants submitted their special message to Congress under the Impoundment Control Act (ICA) to rescind the relevant funds. ECF No. 23 at 1. They highlight 2 U.S.C. § 683(b), which provides that "[a]ny amount of budget authority proposed to be rescinded . . . as set forth in such special message shall be made available for obligation unless, within the prescribed 45-day period, the Congress has completed action on a rescission bill rescinding all or part of the amount proposed to be rescinded." Yet Defendants argue that "it would be improper to treat" the November 24 hearing date "as having some effect on Plaintiffs' or Defendants' substantive rights" and characterize the Court's order as "preserving the status quo to assess the arguments as of the time Plaintiffs moved for preliminary relief." ECF No. 23 at 2.

Defendants offer no explanation why they are making these arguments now rather than in their opposition brief. They knew the 45-day statutory period was likely to pass before the Court ruled, given that briefing did not close until October 19. Indeed, Defendants themselves requested an extended briefing schedule at the September 30 hearing. Hr'g Tr. at 6:22-24 (seeking nine days for opposition). Thus, to the extent Defendants are raising new arguments in their Notice, they are forfeited and waived.

It is unclear what Defendants actually argue in their Notice, why it matters, and whether it is legally defensible. If they mean that Plaintiffs cannot assert an independent right to relief under 2 U.S.C. § 683(b) of the ICA, Plaintiffs bring no such claim. Plaintiffs' claims underlying the pending motion arise under the First Amendment, not the ICA, and the ICA never provided a defense or safe harbor for Defendants' unconstitutional conduct. Pls.' Mot. 25–28.

If Defendants are suggesting more broadly that the Court must fly a DeLorean back in time to September 30 to resolve the motion, rather than resolving it as the facts stand today, there is no legal basis for that suggestion, which defies common sense. In assessing the equities and public interest in particular, the Court can and must rule based on the facts at the time the Court would be entering a preliminary injunction. *See, e.g.*, *Ramirez de Arellano v. Weinberger*, 788 F.2d 762, 764 (D.C. Cir. 1986) (in evaluating claim for injunctive and declaratory relief, court considered intervening developments that "fundamentally altered the balance of equities").

The government has argued in other pocket-rescission litigation, for instance, that the equities weigh against ordering the obligation of funds while Congress is considering an ICA proposal to rescind those same funds. *See* Appl. for Partial Stay at 24–25, 34–35, *Dep't of State v. AIDS Vaccine Advocacy Coal.*, No. 25A269 (U.S. Sept. 8, 2025). Whatever weight that argument

may otherwise carry during the 45-day period, it has no force when the rescission proposal is no longer before Congress.

In short, Plaintiffs are not seeking to expand their claims or rights from the litigation schedule, but the Court need not ignore the circumstances at the time of its decision in deciding whether to grant prospective injunctive relief.

Dated: November 14, 2026

Respectfully submitted,

/s/ Lindsay W. Zimliki
Lindsay W. Zimliki (D.C. Bar No. 475890)
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 21597)
Andrew Warren (D.C. Bar No. 503003)
Taryn Wilgus Null (D.C. Bar No. 985724)
Zsa'Queria Martin (D.C. Bar No. 90043047)
Democracy Defenders Fund
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
lindsay@democracydefenders.org
norman@democracydefenders.org
tianna@democracydefenders.org
andrew@democracydefenders.org
taryn@democracydefenders.org
zsaqueria@democracydefenders.org

/s/ Daniel F. Jacobson
Daniel F. Jacobson (D.C. Bar No. 1016621)
Lynn D. Eisenberg (D.C. Bar No. 1017511)
Stephen K. Wirth (D.C. Bar 1034038)
Nina C. Cahill (D.C. Bar No. 1735989)
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave N.W., Suite 301
Washington, D.C. 20016
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
stephen@jacobsonlawyersgroup.com
nina@jacobsonlawyersgroup.com

/s/ Benjamin B. Klubes
Benjamin B. Klubes (D.C. Bar No. 428852)
Klubes Law Group
1717 K Street NW, Suite 900
Washington, D.C. 20006
bklubes@klubeslaw.com

*Counsel for Plaintiffs*